UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
SEP 0 1 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. |
| CAROLYN ANDERSON, | ) | -01 |
| TODD ANDERSON, | ) | -02 |
| Defendants. | ) | |

1:20-cr-0213 TWP-MJD

## INDICTMENT

### GENERAL ALLEGATIONS

At all times material herein:

A.  Poppy Straw

1. Poppy straw was a Schedule II, narcotic controlled substance.

2. An active ingredient in poppy straw was morphine, which was also a Schedule II, narcotic controlled substance.

3. CAROLYN ANDERSON ("CAROLYN") and TODD ANDERSON ("TODD") had prior knowledge that poppy straw was a controlled substance based on their 2015 application to the Drug Enforcement Administration ("DEA") to become a registered importer of poppy straw and their contacts with DEA regarding that application in 2016. (CAROLYN and TODD withdrew their application after DEA issued an Administrative Order to Show Cause.)

B.  Business Entities of CAROLYN and TODD

1. CAROLYN and TODD owned and controlled the following business entities (among others), all of which were registered in the State of Arizona:

      a.      Whatever LLC;

      b.      AHS LLC;

      c.      Dried Exotics and Crafts LLC; and,

      d.      Altitude CBD LLC.

2.      CAROLYN and TODD operated the following website: www.carolynsdriedflowers.com. The website offered "dried poppy pods" for sale in various quantities ranging from less than one pound to multiple pounds.

3.      None of the companies owned or controlled by CAROLYN and/or TODD was a Registered Importer of any controlled substance. Neither CAROLYN nor TODD was a Registered Importer of any controlled substance.

## COUNT 1
[Conspiracy to Possess with Intent to Distribute and Distribute Poppy Straw – 21 U.S.C. § 846]

The Grand Jury charges that:

Beginning in or around June 2019, and continuing through on or about August 13, 2020, in the Southern District of Indiana, Indianapolis Division, and elsewhere, CAROLYN ANDERSON ("CAROLYN") and TODD ANDERSON ("TODD"), the defendants herein, did knowingly and intentionally conspire together and with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute poppy straw, a Schedule II, narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

1.      CAROLYN and TODD, operating out of Flagstaff, Arizona, arranged for poppy straw (containing morphine) to be shipped from various locations, including the United Kingdom, to various Arizona addresses over which they exercised control.

2. CAROLYN and TODD packaged and shipped poppy straw to various locations, including Indiana and California, for re-distribution by others.

3. CAROLYN and TODD used email to communicate with suppliers of poppy straw, including at least one source of supply located in the United Kingdom ("Exporter #1").

4. CAROLYN and TODD used cell phones for the following purposes:

   a. To receive orders for poppy straw from various individuals across the United States, including Indiana;

   b. To arrange for the shipment of poppy straw to various individuals across the United States, including Indiana;

   c. To arrange for individuals to pay CAROLYN and TODD for the shipped poppy straw.

5. CAROLYN and TODD used various bank accounts to make and receive payments for poppy straw.

6. CAROLYN and TODD maintained multiple and used properties in and around Flagstaff, Arizona, and Tucson, Arizona, to receive, store, process, and distribute poppy straw and proceeds of poppy straw sales. Said properties included 4370 N. Randall Street, Flagstaff, Arizona ("Randall Street"); Parcels 113-02-003-A and 113-02-003-B on Forest Service Road 510C in Flagstaff, Arizona ("Forest Service Road"); and 3938 E. Grant Road, Tucson, Arizona ("Grant Road").

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the members of the conspiracy did commit, among others, the following overt acts:

1. On or about August 12, 2019, CAROLYN sent a text message to a cooperating individual in Indianapolis, Indiana ("Individual #1"), advertising poppy pods for sale for $125 per pound.

2. On or about August 29, 2019, CAROLYN exchanged a series of text messages with Individual #1 in which she agreed to sell approximately 10 pounds of poppy straw to Individual #1 in exchange for $1,030.

3. On or about August 30, 2019, CAROLYN arranged for the shipment of two packages containing a total of approximately 4.45 kilograms (or 9.8 pounds) of poppy straw from Flagstaff, Arizona, to Individual #1 in Indianapolis, Indiana.

4. On or about October 10, 2019, CAROLYN exchanged a series of text messages with Individual #1 in which she agreed to sell approximately 50 pounds of poppy straw to Individual #1 in exchange for $4,000.

5. On or about October 10, 2019, TODD shipped two packages containing a total of approximately 22.8 kilograms (or 50.3 pounds) of poppy straw from Flagstaff, Arizona, to Individual #1 in Indianapolis, Indiana. The sender listed on the packages was "AltitudeCBDLLC."

6. On or about October 10, 2019, CAROLYN attempted to ship one package containing approximately 3.03 kilograms of poppy straw from Flagstaff, Arizona, to an address in Manteca, California. The sender listed on the package was "AltitudeCBDLLC."

7. On or about October 10, 2019, CAROLYN attempted to ship one package containing approximately 504.6 grams of poppy straw from Flagstaff, Arizona, to an address in Bakersfield, California. The sender listed on the package was "AltitudeCBDLLC."

8. Between on or about April 5, 2020, and April 28, 2020, CAROLYN exchanged a series of text messages with Individual #1 in which she agreed to sell approximately 10 pounds of poppy straw to Individual #1 in exchange for $925.

9. On or about April 28, 2020, CAROLYN arranged for the shipment of two packages containing a total of approximately 4.2 kilograms (or 9.3 pounds) of poppy straw from Flagstaff, Arizona, to Individual #1 in Indianapolis, Indiana.

10. Between on or about April 24, 2020, and May 1, 2020, CAROLYN exchanged a series of text messages with an individual in Indianapolis, Indiana ("Individual #2") in which she agreed to sell approximately 10 pounds of poppy straw to Individual #2 in exchange for $950.

11. Between on or about June 2, 2020, and June 5, 2020, CAROLYN exchanged a series of text messages with an individual ("Individual #3") in which she agreed to sell poppy straw to Individual #3. During the conversation, CAROLYN sent pictures of poppy straw to Individual #3, after Individual #3 requested photos to send to his Indiana customer.

12. On or about June 2, 2020, CAROLYN arranged for the shipment of two packages from Flagstaff, Arizona, to Individual #3 in Fresno, California.

13. On or about June 5, 2020, on behalf of Individual #3, CAROLYN arranged for the shipment of a package from Flagstaff, Arizona, to an individual in Indianapolis, Indiana ("Individual #4").

<u>COUNT 2</u>
[Conspiracy to Import Poppy Straw – 21 U.S.C. § 963]

The Grand Jury further charges that:

Beginning in or around 2015, and continuing through on or about August 13, 2020, in the Southern District of Indiana, Indianapolis Division, and elsewhere, CAROLYN ANDERSON ("CAROLYN") and TODD ANDERSON ("TODD"), the defendants herein, did knowingly and intentionally conspire together and with other persons known and unknown to the Grand Jury to import poppy straw, a Schedule II, narcotic controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

<u>MANNER AND MEANS</u>

Paragraphs 1 through 6 of the Manner and Means section of Count One are incorporated and realleged by reference.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the members of the conspiracy did commit, among others, the following overt acts:

1. On or about the dates listed below, Whatever LLC made the following payments to Martins Dried Flowers, a United Kingdom supplier of poppy straw, from a debit card drawn on the Whatever LLC Bank of America account and held in the name of C.A. (identity known to the Grand Jury):

| **Date** | **Approximate Amount** |
|---|---|
| July 31, 2019 | $1,286.33 |
| August 12, 2019 | $2,542.64 |
| September 3, 2019 | $992.76 |
| September 10, 2019 | $1,015.14 |
| September 20, 2019 | $2,063.73 |
| September 30, 2019 | $3,037.56 |

7

14. Between on or about June 30, 2020, and July 10, 2020, CAROLYN exchanged a series of text messages with Individual #2 in which she agreed to sell approximately 10 pounds of poppy straw to Individual #2 in exchange for $950.

15. On or about August 5, 2020, CAROLYN arranged for the shipment of one package weighing approximately 5.4 kilograms (or 12 pounds) from Flagstaff, Arizona, to Individual #2 in Noblesville, IN. The sender listed on the package was "Shipping Department AltitudeCBDLLC."

16. Between on or about August 9, 2020, and August 11, 2020, CAROLYN exchanged a series of text messages with Individual #1 in which she agreed to sell approximately 10 pounds of poppy straw to Individual #1 in exchange for $975.

17. On or about August 11, 2020, TODD attempted to ship one package containing approximately 4.61 kilograms (or 10.2 pounds) of poppy straw from Flagstaff, Arizona, to Individual #1 in Indianapolis, Indiana.

18. On or about August 12, 2020, CAROLYN instructed Individual #3 to describe his poppy straw distribution to authorities as "an Online dried floral business" and to "not say poppy pods."

19. On or about August 13, 2020, CAROLYN and TODD possessed the following items at Forest Service Road: approximately 499 kilograms of poppy straw containing morphine and approximately 23 firearms.

All in violation of Title 21, United States Code, Section 846.

2. Between on or about September 17, 2019, and October 15, 2019, Whatever LLC transferred approximately $12,000 to a Bank of America bank account held jointly by C.A. and R.H. (identity known to the Grand Jury).

3. Between in or around March 2020 and July 2020, TODD used PayPal to make a series of payments to Exporter #1 from the Whatever LLC Bank of America bank account. Those payments included the following:

| Date | Approx. Payment Amount | Payment Notation |
|---|---|---|
| March 30, 2020 | $378.00 | "(boxes) Thank You" |
| April 26, 2020 | $616.72 | "18 Boxes" |
| May 16, 2020 | $555.65 | "15 boxes Thank You" |
| June 21, 2020 | $514.81 | "15 Boxes" |
| July 20, 2020 | $209.09 | "6 boxes Thank You" |

4. On or about the dates listed below, CAROLYN and TODD received the packages described below from Exporter #1 at Randall Street:

| Date | Approximate Weight of Package |
|---|---|
| March 18, 2020 | 19.5 kilograms |
| March 22, 2020 | 13 kilograms |
| March 25, 2020 | 13 kilograms |
| March 29, 2020 | 13 kilograms |
| April 3, 2020 | 19.5 kilograms |
| April 5, 2020 | 19.5 kilograms |
| April 15, 2020 | 19.5 kilograms |
| April 21, 2020 | 19.5 kilograms |
| May 24, 2020 | 19.5 kilograms |
| May 29, 2020 | 19.5 kilograms |
| June 12, 2020 | 13 kilograms |
| June 21, 2020 | 19.5 kilograms |

The contents of the above-described packages were declared as "dried decorations."

5. On or about May 7, 2020, CAROLYN and TODD received a package from Exporter #1 at Grant Road.

6. On or about August 7, 2020, TODD emailed Exporter #1 to notify Exporter #1 that TODD had received two boxes of poppy straw and asking when new stock of poppy straw would be available.

All in violation of Title 21, United States Code, Section 963.

## COUNT 3
[Distribution of Poppy Straw – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about August 30, 2019, in the Southern District of Indiana, Indianapolis Division, and elsewhere, Defendant CAROLYN ANDERSON did knowingly and intentionally distribute poppy straw, a Schedule II, narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4
[Distribution of Poppy Straw – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about October 10, 2019, in the Southern District of Indiana, Indianapolis Division, and elsewhere, Defendants CAROLYN ANDERSON and TODD ANDERSON, aiding and abetting one another, did knowingly and intentionally distribute poppy straw, a Schedule II, narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT 5
[Distribution of Poppy Straw – 21 U.S.C. § 841(a)(1)]

The Grand Jury further charges that:

On or about April 28, 2020, in the Southern District of Indiana, Indianapolis Division, and elsewhere, Defendant CAROLYN ANDERSON did knowingly and intentionally distribute poppy straw, a Schedule II, narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

FORFEITURE

1. The General Allegations and the allegations contained in Counts One through Five of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. §§ 853 and 970 and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. §§ 841(a)(1), 846, or 963, the defendants shall forfeit to the United States, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, and a forfeiture money judgment representing the proceeds obtained as a result of the offenses.

3. The property to be forfeited includes, but is not limited to, the following:

    a. Taurus International, Model PT738 TCP, .380 caliber pistol, serial number 75860B;

    b. Jimenez Ams, Model J.A. Nine, 9mm pistol, serial number 004812;

    c. Smith & Wesson, Model 24, .44 caliber revolver, serial number AEM1696;

    d. Glock GMBH, Model 23, .40 caliber pistol, serial number VSV021;

e. F.LLI Pietta, Fabrica D'Armi revolver, serial number 653256;

f. Taurus, .38 caliber revolver, serial number 1600133;

g. Ruger, Model P95, 9mm pistol, serial number 318-89145;

h. Raven Arms, Model MP25, .25 caliber pistol, serial number 1850311;

i. Intratec, Model TEC9, 9mm pistol, serial number A041300;

j. Chiappa Firearms Ltd. handgun, serial number 11F20760;

k. Tikka, Model T3, rifle, serial number F30525;

l. New England Firearms shotgun, serial number NH435405;

m. Remington Arms Company, Inc., rifle, serial number 3204205;

n. Remington Arms Company, Inc., Model 870 shotgun, serial number T095366V;

o. Walther, Model IWI Uzi, .22 caliber pistol, serial number DR006562;

p. Norinco, Model 99 Coach Gun shotgun, serial number SW004213;

q. Ruger rifle, serial number 691-65827;

r. Sun City Machinery Co., Ltd., Model Stevens 320 shotgun, serial number 135680S;

s. Browning rifle, serial number 37046M75;

t. Marlin Firearms Co., Model 60C, .22 caliber rifle, serial number 01177076;

u. Glock, Model 19, 9mm pistol, serial number WNE814;

v. Unknown manufacturer rifle, serial number 73077;

w. Unknown manufacturer rifle, serial number 421032840;

x. Unknown manufacturer, Model Excelsior 77 Super, shotgun, serial

11

number 41826XG; and,

  y. Unknown manufacturer rifle with unknown serial number, seized by the Drug Enforcement Administration in Flagstaff, Arizona, on August 13, 2020.

4. If any of the property described above, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL:

JOSH J. MINKLER
United States Attorney

By: _____M. Klump_____
M. Kendra Klump
Assistant United States Attorney

12