UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cr-00213-TWP-MJD ) |
| CAROLYN ANDERSON, and | ) -01 |
| TODD ANDERSON | ) -02 ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS COUNT 1 AND COUNT 2
OF THE SUPERSEDING INDICTMENT FOR IMPROPER DUPLICITY**

This matter is before the Court on Defendants Carolyn Anderson and Todd Anderson's (together, the "Andersons") Motion to Dismiss Count 1 and Count 2 of the Superseding Indictment for Improper Duplicity (Filing No. 110). The Andersons are charged with several offenses stemming from their alleged importation, possession, and distribution of "poppy pods" containing two controlled substances, poppy straw and morphine, which is the active ingredient in poppy straw (Filing No. 76). Counts 1 and 2 are both conspiracy charges: Count 1 alleges a conspiracy to possess with intent to distribute poppy straw and morphine, and Count 2 alleges a conspiracy to import poppy straw and morphine. The Andersons argue that offenses involving poppy straw are distinct and separate from offenses involving morphine, and Counts 1 and 2 are duplicitous because they improperly join those separate offenses. For the reasons explained below, the Motion to Dismiss Counts 1 and 2 is **denied**.

### I.    LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to

challenge the legal sufficiency of an indictment or information for lack of specificity or failure to state an offense, among other things. Rule 12(b)(3)(B) provides an avenue for defendants to seek dismissal of the indictment or dismissal of specific criminal counts.

A defendant may move to dismiss an indictment if there is "a defect in the indictment," such as "joining two or more offenses in the same count (duplicity)," "charging the same offense in more than one count (multiplicity)," "lack of specificity," or "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). "An indictment need not say much to be deemed sufficient." *United States v. Moore*, 563 F.3d 583, 585 (7th Cir. 2009). "[W]hen evaluating the sufficiency of an indictment, we focus on its allegations, which we accept as true." *Id.* at 586. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Id.* (citation and quotation marks omitted).

"Indictments are reviewed on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citation and quotation marks omitted). "[A]n indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citation omitted). In order to successfully challenge an indictment, a defendant must demonstrate that the indictment does not meet one or more of these requirements and that he will suffer prejudice as a result. *United States v. Dooley*, 578 F.3d 582, 590 (7th Cir. 2009).

"In setting forth the offense, it is generally acceptable for the indictment to 'track' the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Smith*, 230 F.3d at 305. "[W]hile there must be

enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citation and quotation marks omitted).

## II.   DISCUSSION

The Andersons argue Counts 1 and 2 are improperly duplicitous because they join offenses regarding two different controlled substances—poppy straw and morphine. They also assert that this duplicity risks confusing the jury, renders a unanimous general verdict impossible, and will prejudice the Andersons in evidentiary rulings, in sentencing, and on appeal. The Government responds that Counts 1 and 2 are not duplicitous because they each allege only one conspiracy, and any risks of confusion, non-unanimity, and prejudice can be cured by jury instructions and a special verdict form. The Court will address whether Counts 1 and 2 are duplicitous before discussing whether those counts, as alleged, will prejudice the Andersons.

### A.   Duplicity

"Duplicity is the joinder of two or more distinct offenses in the same count of an indictment." *United States v. Spalding*, No. 01-152-CR-01, 2002 WL 818129, at *3 (S.D. Ind. Apr. 24, 2002); *see United States v. Smith*, 26 F.3d 739, 753 (7th Cir. 1994). Duplicitous indictments present several risks, including: (1) lack of adequate notice to the defendant regarding the nature of the charges; (2) possible prejudice in evidentiary rulings; (3) double jeopardy complications resulting from an unclear trial record; and (4) the possibility of a non-unanimous verdict. *Id.* (citing *United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985); *United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996)). "Notwithstanding these risks, however, an indictment may charge multiple acts in the same count, even where such offenses could be charged

3

separately, if such acts 'comprise a continuing course of conduct that constitutes a single offense.'" *Id.* (quoting *United States v. Buchmeier*, 255 F.3d 415, 420 (7th Cir. 2001) (citation omitted)).

A conspiracy constitutes a single offense even if it has several different criminal objectives. *Braverman v. United States*, 317 U.S. 49, 54 (1942). "[T]he precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. . . . The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." *Id.* Put simply, "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects." *Id.* (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)).

The Andersons argue "[i]t is duplicitous to raise allegations as to both poppy straw and its derivative, morphine, together in the same counts, because the scienter requirements are distinct" (Filing No. 124 at 3). They argue that under *United States v. Mire*, 725 F.3d 665 (7th Cir. 2013), the scienter needed to show "knowing or intentional" possession of a "parent" substance like poppy straw (*i.e.*, a substance containing a controlled substance) is distinct from the scienter for a "derivative" substance like morphine (*i.e.*, a controlled substance contained within or derived from another substance) (Filing No. 124 at 3). They conclude that the Superseding Indictment's conspiracy charges involving poppy straw are therefore separate, and must be charged separately, from the conspiracy charges involving morphine. *Id.*

The Andersons' argument conflates the intent element required to prove a conspiracy with the intent element required to prove the substantive crime contemplated by the conspiracy. The elements are not the same, as "[a] conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object."

4

*Braverman*, 317 U.S. at 54. "The essential elements of a conspiracy under section 846 are the existence of an agreement between two or more individuals, with the *intent to commit an offense in violation of the Controlled Substances Act*." *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982) (emphasis added). The intent element for Counts 1 and 2 therefore only requires that the Andersons conspired to possess with intent to distribute and to import, respectively, "*any* controlled substance." *Mire*, 725 F.3d at 679 (emphasis in original); *see United States v. Martinez*, 937 F.2d 299, 303 (7th Cir. 1991) ("[T]he essential elements of a conspiracy under § 846 [of the Controlled Substances Act] are the existence of an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substances Act." (internal quotation marks and citations omitted)); *United States v. Townsend*, 924 F.2d 1385, 1389 (7th Cir. 1991) ("The type of drug with which one is involved does not change the nature of the crime; 21 U.S.C. § 841(a) applies to all illicit drugs."); (Filing No. 76 at ¶ 12 (alleging "the defendants herein, did *knowingly and intentionally conspire* . . . to possess with intent to distribute and to distribute controlled substances" (emphasis added)); Filing No. 76 at ¶ 38 (alleging "the defendants herein, did *knowingly and intentionally conspire* . . . to import controlled substances" (emphasis added))). The Government is not required to prove the Andersons "knowingly or intentionally" possessed or imported specifically poppy straw or morphine, so any difference in scienter needed to prove those substantive offenses would not create distinct conspiracy offenses. *Mire*, 725 F.3d at 679. ("This distinction is key because having to prove a defendant knew the particular controlled substance at issue would be a much more difficult undertaking); *see United States v. Carrera*, 259 F.3d 818, 830 (7th Cir. 2001) ("A defendant may be convicted of a violation of 21 U.S.C. § 846 without knowing the exact type of drug involved. The government need only prove that the defendant was aware that some controlled substance was involved." (citations omitted)).

Further, even if the Andersons were correct that substantive offenses involving poppy straw and those involving morphine are distinct offenses and not different means of violating a single statute—which the Court need not and does not decide here—Counts 1 and 2 would still not be duplicitous.  As established in *Braverman*, a single conspiracy may have multiple illicit objectives, each of which constitutes a crime, without being duplicitous. *Braverman*, 317 U.S. at 53–54; *United States v. Hughes*, 310 F.3d 557 (7th Cir. 2002).  "The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute." *Braverman*, 317 U.S. at 54.

B.      **Potential Prejudice**

The Andersons also argue Counts 1 and 2 should be dismissed because the combined allegations regarding poppy straw and morphine will prejudice them prior to and during trial, at sentencing, and on appeal.  The Government responds that any risk of prejudice can be cured by jury instructions and a special verdict form, and the Court agrees.

The Andersons' prejudice arguments are largely centered around a concern that they could be found guilty under Counts 1 and/or 2 for conspiring to deal with (1) poppy straw, (2) morphine, or (3) both.  The Andersons argue that by alleging conspiracies involving two illicit objectives, only one of which must be proven, the Government has "impermissibly attempt[ed] to broaden their chances" of obtaining a guilty verdict (Filing No. 111 at 7).  However, "a veritable plethora of cases hold[] that where several statutes are alleged as the objects of a conspiracy, the government need only establish one of those statutes to convict," so it was permissible for the Government to charge only a single conspiracy in Count 1 and in Count 2. *United States v. Muelbl*, 739 F.2d 1175, 1182–83 (7th Cir. 1984) (affirming conviction on charge of conspiracy to distribute marijuana, cocaine, and methaqualone); *see Hughes*, 310 F.3d at 560 ("[T]he first count alleged a single criminal activity—conspiracy to commit an offense against the United States.  To be sure,

the indictment alleges that this single conspiracy had two illicit objectives, each of which constitutes a crime. . . . We have recognized that when 'several statutes are alleged as the objective of a conspiracy,' the Government need only establish that the defendant's illicit objective involved 'one of those statutes to convict.'" (quoting *Muelbl*, 739 F.2d at 1183)). To the contrary, it likely would have been improperly multiplicitous for the Government to charge the conspiracies separately. *United States v. Kramer*, 711 F.2d 789, 797 (7th Cir. 1983) ("A single conspiracy to commit different drug offenses is a single criminal offense; since a defendant cannot be sentenced twice for the same offense, charging a defendant in two counts for what were different objectives of the same conspiracy would have been improper." (internal citations omitted) (citing *Braverman*, 317 U.S. 49; *United States v. Mazzochi*, 75 F.2d 497 (2d Cir. 1935))).

The Andersons also contend that Counts 1 and 2 will confuse the jury about what findings the jury must make regarding the number and objects of the alleged conspiracies, and will render a general verdict impossible ([Filing No. 111 at 7](Filing No. 111 at 7)–8). The Seventh Circuit has recognized that "when several different crimes are the object of a single conspiracy, a jury possibly could find a defendant guilty of conspiracy even though the jurors do not agree on which crime was the object of the conspiracy." *Hughes*, 310 F.3d at 561. But the Seventh Circuit has also held that jury instructions cure that risk.

In *United States v. Hughes*, for example, the defendant was charged with conspiring to make counterfeit money and pass counterfeit money, both of which are distinct criminal offenses. *Hughes*, 310 F.3d at 560. Prior to trial, the defendant "moved to dismiss the indictment on the ground that the first count was duplicitous" because the allegations "comprised two separate crimes and therefore should not have been included in a single count." *Id.* The district court found that the conspiracy charge was not duplicitous because "a conspiracy, even one with multiple illicit

7

objectives, constitutes a single crime." *Id.* at 561. At trial, the court instructed the jurors that "in order to convict Mr. Hughes on Count I, they had to agree unanimously that the defendants conspired to make counterfeit money; or that they conspired to pass counterfeit money; or that they conspired to do both." *Id.* The Seventh Circuit held that those "instructions negated any possibility that Mr. Hughes was convicted on the basis of a non-unanimous verdict," and concluded that "[t]he district court correctly determined that Count I of the indictment was not duplicitous." *Id.*

In *United States v. Muelbl*, the district court gave even more detailed instructions regarding unanimity as to the charge of conspiracy to distribute marijuana, cocaine, and qualudes:

> "In order to convict the defendant, you must unanimously find that the defendant willfully became a member of the conspiracy and that the conspiracy had as its object the distribution, or dispensation, or the possession with the intent to distribute marijuana, cocaine, *or* qualudes. You may also find the defendant guilty if you find that he willfully became a member of the conspiracy which had as its object the distribution, or dispensation, or the possession with the intent to distribute all three drugs, *or any combination thereof*.
>
> "Now, there are several alternatives that are included in the indictment, namely, marijuana, cocaine, or qualudes, and I urge you to make sure that the jury is unanimous as to any one or more than one of those three items before you can enter a verdict of guilty. In other words, if all twelve of you do not agree as to the several alternatives, even though you are not agreed on all three of them, but if twelve of you are agreed on one or more, then you have arrived at a verdict that would warrant your entering a finding of guilty; but if some of you agree as to one item and some of you as to another, that's not unanimity; or, put it another way, if three of you agree that there was a conspiracy to distribute marijuana and five of you agree that there was a conspiracy to distribute cocaine, and then another small number, five of you, agree that there was, or four of you agreed that there was a conspiracy to distribute qualudes, that would not constitute unanimity." (Emphasis added).

*Muelbl*, 739 F.2d at 1178–79 (emphasis in original). The Seventh Circuit held that the instructions in *Muelbl* charged the jury with "exactly" the conspiracy alleged in the indictment. *Id.* at 1181.

In this case, jury instructions would resolve any jury confusion regarding the required findings for Counts 1 and 2 and would negate the possibility of a non-unanimous verdict. A special

8

verdict form specifying the types of controlled substances at issue would further ensure that the jury reaches a unanimous verdict (Filing No. 119 at 8); *see* 7th Cir. Pattern Crim. Jury Instr., "Drug Quantity / Special Verdict Instructions" (2020 ed., incl. 2021 Proposed Revisions). The special verdict form would also resolve the Andersons' concerns about prejudice in sentencing and on appeal because it would show whether the jury unanimously found that the object(s) of the alleged conspiracies involved poppy straw, morphine, or both (Filing No. 111 at 8).

The Andersons lastly argue their defense will be prejudiced at trial "as it relates to evidentiary rulings" affecting their defenses (Filing No. 124 at 3). The Andersons explain some of the defenses they may assert, including the "joint defense that they had no knowledge the poppy pods contained a controlled substance," and specific defenses establishing that they lacked knowledge or intent "that poppy pods contained poppy straw" and/or "that poppy pods contained morphine" (Filing No. 124 at 3–4). The Andersons do not explain, however, what types of "evidentiary rulings" would prejudice them in presenting those defenses. The Andersons could certainly assert any or all of those defenses in arguing that the Government has failed to prove the Andersons' intent to possess and/or import *"any* controlled substance." *Mire*, 725 F.3d at 679; *see also United States v. Barrios-Ramos*, 732 F. App'x 457, 461 (7th Cir. 2018); (Filing No. 119 at 8). The Court finds no potential prejudice as to evidentiary rulings.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** the Andersons' Motion to Dismiss Count 1 and Count 2 of the Superseding Indictment for Improper Duplicity (Filing No. 110).

**SO ORDERED**.

Date:  11/18/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Austin Andreas
KEFFER HIRSCHAUER LLP
andreas@indyjustice.com

Bradley A. Keffer
KEFFER HIRSCHAUER LLP
keffer@khindy.com

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
abhishek.kambli@usdoj.gov

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov