# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cr-00213-TWP-MJD |
| ) | |
| CAROLYN ANDERSON, ) -01 | |
| TODD ANDERSON ) - 02 | |
| ) | |
| Defendants. ) | |

### ENTRY ON GOVERNMENT'S *SANTIAGO* PROFFER

The United States of America ("the Government") has filed a Proffer in Support of the Admissibility of Co-Conspirators' Declarations (a "*Santiago* proffer"). (Filing No. 143.) For the reasons stated below, the Court finds the proffer is sufficient and the statements are conditionally deemed admissible.

## I. LEGAL STANDARD

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that statements by co-conspirators made during the course and in furtherance of the conspiracy is not hearsay excluded under Rule 802. When a statement of a co-conspirator which would otherwise have been regarded as hearsay is proffered, a preliminary question arises under Rule 104 of the Federal Rules of Evidence. Rule 104 requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator. Under Rule 104, the competence of a co-conspirator declaration justifying its admissibility depends upon whether or not the existence of the conspiracy has been sufficiently established by independent evidence, and whether under Rule 801(d)(2)(E) the declaration was made during the course and in furtherance of the conspiracy. The trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the

conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition. The standard to be applied during this competency determination is, "…if it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *United States v. Santiago,* 582 F.2d 1128 (7th Cir. 1978). In addition, the existence of a criminal conspiracy may be proven entirely by "way of circumstantial evidence." *United States v. Viezca*, 265 F. 3d 593, 597 (7th Cir. 2001).

## II.  DISCUSSION

The Second Superseding Indictment (Filing No. 150)[1], alleges that beginning in or around June 2019 through August 2020, Defendants Carolyn Anderson ("Carolyn") and Todd Anderson ("Todd") (collectively, the "Defendants") conspired together and with others to import and distribute poppy straw and/or morphine, both Schedule II controlled substances, in the Southern District of Indiana and elsewhere. *Id*. at 3. The Government alleges the Defendants, operating out of Arizona, arranged for opium poppy and/or poppy straw to be imported from the United Kingdom. *Id.* They then re-distributed it to various individuals in Indiana and throughout the United States. *Id*. In addition to operating a website that advertised their product for sale, (*id.* at 2), the Defendants communicated with their poppy suppliers and customers via email and text messages, (*id.* at 3-4).

Carolyn and Todd are charged in a Second Superseding Indictment with Count 1: Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances; Count 2: Conspiracy to Import Controlled Substances; and Count 4: Distribution of a Controlled Substance.

---

[1] The Court has compared the Superseding Indictment (Filing No. 76) to the unredacted Second Superseding Indictment (Filing No. 151). It appears that the Second Superseding Indictment adds no new substantive counts or allegations which might impact the substance or merits of the Santiago proffer before the Court.

Carolyn is charged also with Count 3 and Count 5: Distribution of a Controlled Substance. (Filing No. 150). The proffer was filed under seal on January 27, 2023. To date, neither Defendant has filed an objection to the *Santiago* proffer. The proffer summarizes the evidence that will establish, by a preponderance of the evidence, that the Defendants conspired with each other and others to distribute and import controlled substances, *i.e.*, opium poppy, poppy straw, and morphine. The proffered evidence includes testimony concerning the actions of the Defendants, physical evidence, and the statements to be offered pursuant to Federal Rule of Evidence 801(d)(2)(E). The proffer also summarizes the statements of the co-conspirators and other members of the conspiracy regarding: deliveries of controlled substances; transportation of controlled substances; making arrangements to meet; the roles and participation of the co-conspirators; a cooperating defendant's testimony regarding a series of four controlled buys during which he bought poppy straw from Carolyn; notebooks and handwritten notes regarding poppy straw distribution and importation; western Union receipts showing payments made by individuals to the Defendants in 2019; financial records; messages and emails found on both Defendants' cell phones concerning Defendants' conspiracies to distribute and import controlled substances; and testimony from other witnesses concerning shipping of alleged controlled substances from the United Kingdom to various states, including Indiana.

      The Court has reviewed the Government's proffer in detail. The proffer sets forth a coherent and facially plausible story that does not, at the present time, appear to be contradicted by extrinsic evidence. *See United States v. Brookins*, 52 F.3d 615, 623 (7th Cir. 1995). Regarding the two charged conspiracies, the Government's proffer provides sufficient evidence to convince the Court by a preponderance of the evidence that (1) the conspiracy existed, (2) the Defendants and other declarants were members of the conspiracy, and (3) the statement(s) sought to be

admitted were made during and in furtherance of the conspiracy. *See United States v. Cox*, 923 F.2d 519 (7th Cir. 1991). Thus, the Court finds the proffer is sufficient for present purposes.

### III.  CONCLUSION

The co-conspirator statements summarized by the Government in its proffer are conditionally admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence at the trial of this matter, subject to the Defendants' right to later object if the proffered evidence does not materialize. Further, nothing in this Order precludes the Court's ability to divert from these preliminary findings based on evidence produced at trial. The proffer therefore is conditionally **GRANTED.**

**SO ORDERED.**

Date: 2/7/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bradley A. Keffer
KEFFER HIRSCHAUER LLP
keffer@khindy.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.go