**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00213-TWP-MJD |
| | ) | |
| CAROLYN ANDERSON, | ) -01 | |
| TODD ANDERSON, | ) -02 | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON PARTIES' MOTIONS IN *LIMINE*

This matter is before the Court on the Motion in *Limine* as to Speculation Regarding the End Use of Drugs, Public Authority Defense, and Jury Nullification[1] filed by Plaintiff United States of America (the "Government") ([Filing No. 141](#)), the Motion in *Limine* filed by Defendants Carolyn Anderson and Todd Anderson (together, the "Defendants") ([Filing No. 144](#)), and a request contained in the Government's Response in Opposition to Defendants' Motion in *Limine* ([Filing No. 149](#)). The Defendants are scheduled for jury on March 13, 2023. The Government seeks a preliminary ruling from the Court regarding the admissibility of certain evidence, argument, and defenses regarding: (1) the Defendants' belief that the poppy straw would be used for floral decoration or for another lawful end-use; and (2) the Defendants' belief that they were acting on a reasonable reliance from a government official that their conduct was authorized.

The Defendants seek a preliminary ruling from the Court as to the admissibility of evidence regarding the method by which the poppy straw at issue was harvested. In response to the

---

[1] Although the title of the Government's Motion in *Limine* refers to jury nullification, the Motion does not request a preliminary ruling from the Court regarding jury nullification. The Court therefore does not address jury nullification in this Entry.

Defendants' Motion in *Limine*, the Government requests that the Defendants be precluded from offering evidence or argument that if the poppy straw at issue was not harvested in a certain manner ("mowing") then it is not a controlled substance.

## I.    LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II.    DISCUSSION

The Second Superseding Indictment, filed February 3, 2023, charges the Defendants with Count 1: Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances; Count 2: Conspiracy to Import Controlled Substances; and Count 4: Distribution of a Controlled Substance. (Filing No. 150). Carolyn Anderson is charged also with Count 3 and Count 5: Distribution of a Controlled Substance. *Id*. The Government alleges the Defendants conspired to import and distribute opium poppy and/or poppy straw--both of which contain detectable amounts of morphine--and subsequently distributed those substances to several states, including Indiana. The Court will first address the Government's Motion before turning to the Defendants' Motion.

2

### A.  **Government's Motion in _Limine_**

The Government has requested preliminary rulings from the Court precluding evidence and argument as to the Defendants' belief regarding the end-use of the opium poppy and/or poppy straw at issue; and precluding the Defendants from asserting a public authority defense.

### 1.  **Speculation of Lawful End Use**

The Government believes the Defendants may argue they are not criminally liable for their alleged conspiracy to import and distribute, and alleged distribution of, opium poppy and/or poppy straw because they believed that the persons to whom they sold those substances used it for a lawful purpose, like floral decoration (Filing No. 141 at 5). The Government argues that only the Defendants' knowledge as to whether the products at issue were or contained a controlled substance is relevant in proving the knowledge elements of the offenses charged. Any evidence or argument regarding the Defendants' belief that the products were used for floral decoration or for another lawful end-use is not probative or relevant to any issue properly before the jury (_Id._ at 6–7).

In response, the Defendants state that they do not intend "to speculate as to the use of items that were sold and what end users in fact did with" those items (Filing no. 163 at 11). The Defendants further acknowledge that they would have no "rational basis for such knowledge," and that an order granting the Government's request would conform to the applicable Federal Rules of Evidence (_Id._). The Court therefore **grants** the Government's request. The Defendants are precluded from offering testimony, evidence, or argument regarding their belief that the persons to whom they sold the products at issue used those products for lawful purposes, and they should therefore not be held criminally liable.

### 2. **Public Authority Defense**

The Government also asks the Court to preclude the Defendants from asserting a "public authority defense" (Filing No. 141 at 7). The "public authority defense" requires a defendant to prove: (1) a government official requested, directed, or authorized the defendant to engage in the conduct charged against the defendant; (2) the official had actual authority to grant authorization to engage in the conduct; and (3) in engaging in the conduct, the defendant reasonably relied on the official's authorization. (*Id.* at 7–8 (citing 7th Cir. Pattern Jury Instr. No. 6.06 (2020 ed.) ("Reliance on Public Authority")). The Government argues the Defendants will be unable to satisfy the elements of the public authority defense, so they should be precluded from raising it (*Id.* at 8–9); *United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998) ("A judge may, and generally should, block the introduction of evidence supporting a proposed defense unless all of its elements can be satisfied.").

The Defendants respond by confirming that they do not intend to present or advance a public authority defense, though they mention they might raise similar but distinct defenses at trial, including the defense of entrapment by estoppel (Filing No. 163 at 12). Because the Government requests a ruling only as to the public authority defense, the Court **grants** that request. The Defendants are precluded from asserting a public authority defense at trial. If the Government wishes to object to the Defendants' assertion of another defense at trial, the Government may do so at that time.

### B. **Defendants' Motion in *Limine* and Government's Response**

The Defendants have requested a preliminary ruling from the Court precluding evidence regarding the manner and method by which the poppy straw at issue was harvested. The Defendants note that "poppy straw" is defined by the Controlled Substances Act as "all parts, except the seeds, of the opium poppy, *after mowing*." (Filing No. 144 at 2 (emphasis in original)

(quoting 21 U.S.C. § 802(20)). They argue that based on this definition, poppy straw is a controlled substance only if it was harvested by "mowing," and not by any other method of harvesting "such as plucking, hand-harvesting, gathering or foraging" (*Id.*). The Defendants contend that the Government lacks direct evidence of the manner and method by which the poppy straw at issue was harvested, and any circumstantial evidence about the manner or method of harvest would therefore "be speculative or hearsay" and "require the fact finder to make an assumption concerning the status of the flowers at the moment of harvest and the manner that the flowers were cared for during the time between harvest and arrival at their final destination" (*Id.* at 3). The Defendants request that the Court "bar any speculation, conjecture, or inference based on the current condition of the dried flowers, as evidence concerning the method used to harvest the poppy pods at issue at the time that they were removed from the earth" (*Id.*).

In response, the Government argues that the history of the definition of "poppy straw" shows that the manner of harvest does not determine whether a substance is "poppy straw." They contend that the phrase "after mowing" as used in 21 U.S.C. § 802(20) is only meant to distinguish between "opium poppy" as the plant still in the ground and "poppy straw" as the plant once removed from the ground (Filing No. 149 at 3). The Government relatedly argues that reading the term "mowing" as the Defendants suggest it should be read would render portions of the Controlled Substances Act null and cause confusion (*Id.* at 8–10). The Government asserts that it is not required to prove the manner in which the "poppy straw" at issue was harvested in order to prove each of the controlled substance offenses charged because poppy straw is derived from opium poppy and contains morphine, both of which are also controlled substances. "Thus, whether called poppy straw, or opium poppy, or morphine, the United States will show that the [substances] the

defendants imported, possessed, or distributed were or contained controlled substances . . . ." (*Id.* at 6–7).

At the conclusion of its response, the Government requests that the Defendants be precluded from "offering evidence of a purported belief that the poppy straw [at issue] was not 'mowed' and so cannot constitute a controlled substance" (*Id.* at 10–11). The Government also notes its objection to any final jury instruction that would require the Government to prove the method of harvest before the jury could find that the Defendants imported, possessed, or distributed "poppy straw" (*Id.* at 11).

On reply, Defendants argue that the term "mowing" should be given its ordinary, restrictive meaning, that the Government lacks evidence of the method of harvest, and that the Defendants should be permitted at trial to argue that the dried plants at issue do not meet the statutory definition of "poppy straw" if they were not mowed (Filing No. 174).

There appears to be no decision from any court in this country interpreting the phrase "after mowing" as used in 21 U.S.C. § 802(20), and the Court appreciates the parties' briefing on this novel and complex issue. However, the Court need not decide whether the Government must prove that the poppy straw at issue was harvested by "mowing" in particular to rule on the Defendants' Motion in *Limine*. The Defendants' Motion presumes that the Government lacks direct evidence that the poppy straw at issue was mowed and asks the Court to preclude any circumstantial evidence of its method of harvest. Even if the Government is required to prove that the poppy straw at issue was harvested by "mowing"—which the Court need not and therefore does not decide at this time—the Government is not required to do so with direct evidence. *See United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) ("When a defendant is charged with the distribution of a controlled substance, 'the government need not prove the identity of a controlled

substance by direct evidence, as long as the available circumstantial evidence establishes its identity beyond a reasonable doubt.'" (quoting *United States v. Dominguez*, 992 F.2d 678, 681 (7th Cir. 1993))); *United States v. Covington*, 133 F.3d 639, 644 (8th Cir. 1998) ("It is well established that the identity of a controlled substance can . . . be proved by circumstantial evidence and opinion testimony."); *see also United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009) ("A verdict may be rational even if it relies solely on circumstantial evidence."). Contrary to the Defendants' arguments, the absence of direct evidence does not necessarily make all circumstantial evidence speculative or hearsay.

The Defendants have not shown why the Court should preliminarily exclude all possible circumstantial evidence regarding the manner and method by which the poppy straw at issue was harvested. *Hawthorne Partners*, 831 F. Supp. at 1400. The Defendants' Motion in *Limine* is therefore **denied**. If such evidence is offered by the Government at trial, then at that time, the Defendants may raise specific objections to that evidence.

The Court further concludes that the Government's request to preclude any evidence or argument by the Defendants' regarding the definition of "poppy straw" and, in particular, the term "mowing," is better resolved in the context of trial. At this stage, the Court does not know what evidence the parties will offer or what arguments they will make in light of that evidence, so it cannot determine whether any such evidence and arguments would not be admissible for any purpose. Accordingly, the Government's request is **denied**.

### III.   <u>CONCLUSION</u>

For the reasons explained above, the Court **GRANTS** the Government's Motion in *Limine* as to Speculation Regarding the End Use of Drugs, Public Authority Defense, and Jury Nullification (Filing No. 141). The Defendants are precluded from offering testimony, evidence, or argument regarding their belief that the persons to whom they sold the products at issue used

those products for lawful purposes, and they should therefore not be held criminally liable. And the Defendants are precluded from asserting a public authority defense at trial.

The Court **DENIES** the Defendants' Motion in *Limine* (Filing No. 144) precluding evidence regarding the manner and method by which the poppy straw at issue was harvested; and **DENIES** the Government's request to preclude any evidence or argument by the Defendants' regarding the definition of "poppy straw" or the term "mowing." (Filing No. 149).

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED**.

Date:   2/9/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Keffer
KEFFER HIRSCHAUER LLP
keffer@khindy.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov